STATE of Minnesota, Respondent,

v.

William Mark PIOTROWSKI,
Appellant.

No. CO–88–1148.

Court of Appeals of Minnesota.

Feb. 7, 1989.
Review Granted March 31, 1989.

See also 433 N.W.2d 124.

. Hubert H. Humphrey, III, Atty. Gen., St. Paul, Teresa L. Joppa, Asst. City Atty., City of Moorhead, Moorhead, for respondent.

William Kirschner, Fargo, N.D., for appellant.

Considered and decided by NIERENGARTEN, P.J., and LANSING and FLEMING,* JJ., without oral argument.

OPINION

NIERENGARTEN, Judge.

Appellant William Piotrowski appeals his conviction for violation of Minn.Stat.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

§ 169.121, the DWI statute. Before trial, Piotrowski moved to suppress all evidence, including the results of a post-arrest breath test, on the grounds that the Minnesota police officer's stop of his automobile in North Dakota following a traffic violation in Minnesota was illegal, and that therefore all evidence obtained as a result of that arrest was "fruit of the poisonous tree." The motion was denied, Piotrowski was convicted of driving while intoxicated and he now appeals. We reverse.

## FACTS

William Piotrowski drove his car through a flashing red light at an intersection in Moorhead, Minnesota and continued driving over the Red River bridge into North Dakota. Officer Wicklund of the Moorhead Police Department, observing the violation, pursued Piotrowski, and finally stopped him in North Dakota, about 100 yards past the bridge. Officer Wicklund asked to see Piotrowski's driver's license, detected the odor of alcohol coming from within the vehicle, and asked Piotrowski to step out of the car. When Piotrowski failed some field sobriety tests, the officer asked him to be seated in the back of the squad car and gave Piotrowski a preliminary breath test, which Piotrowski also failed.

Officer Wicklund arrested Piotrowski for a violation of the Minnesota DWI statute, Minn.Stat. § 169.121 (1986 & Supp.1987), and advised Piotrowski that he had the choice of coming back to Minnesota and only being charged with a DWI violation there, or remaining in North Dakota and possibly being charged for DWI in both states. Piotrowski agreed to return to Minnesota where he was given a chemical breath test in accordance with Minn.Stat. § 169.123 (1986 & Supp.1987). The test showed an alcohol concentration level of 0.16, a reading clearly above the statutorily conclusive level.

Piotrowski made a pretrial motion to suppress all evidence, including the results of the breath test. The district court judge denied the motion, and the case was submitted on stipulated facts to a second judge, who found Piotrowski guilty of the charge.

## ISSUE

Did the trial court err in denying appellant's motion to suppress evidence obtained as a result of appellant's stop in North Dakota for a traffic violation observed in Minnesota and his subsequent warrantless arrest in North Dakota for a DWI violation?

## ANALYSIS

Piotrowski contends that Officer Wicklund's stop and seizure of him in North Dakota, based upon the traffic violation in Minnesota, was illegal and that the illegality taints both Piotrowski's arrest and the evidence from the subsequent breath test.

The exclusionary rule normally makes inadmissible against the arrestee evidence that is the product of an illegal arrest.

*State v. Hoven*, 269 N.W.2d 849, 854 (Minn. 1978).

Ordinarily, the traffic violation would have given Wicklund a valid, objective basis for stopping Piotrowski, for even if a traffic offender leaves an officer's jurisdiction, that officer may follow and make a warrantless arrest in the new jurisdiction, as a private citizen, "for a public offense committed or attempted in the arresting person's presence." *See* Minn.Stat. § 629.37(1) (1986); *see also State Department of Public Safety v. Juncewski*, 308 N.W.2d 316, 321 (Minn.1981). However, in order to be valid, an extra-jurisdictional citizen's arrest must still occur within the boundaries of the state *in which the offense took place.*

A Minnesota police officer may also make a warrantless arrest in another state under the fresh pursuit laws. *See* Minn. Stat. §§ 626.65–.70; N.D.Cent.Code Ann. §§ 29–06–05 to –07 (Allen Smith 1974). However, in both Minnesota and North Dakota fresh pursuit is limited to pursuit of fleeing felons. This case involves a fleeing misdemeanant.

■ Thirdly, a driver may consent to accompanying an officer back to the state in which the misdemeanor was committed, so that an officer may effectuate a formal arrest there. However, it cannot be said that Piotrowski consented to return to Minnesota other than in submission to Officer Wicklund's apparent authority in the matter.

■ Without better support for the proposition that the exclusionary rule is inapplicable to situations in which a police officer's only error in making an arrest is that he is technically outside his jurisdiction, Minnesota police officers in border towns may not follow traffic offenders into another state, and make an arrest for a violation of the Minnesota DWI laws. Evidence resulting from such an arrest must be suppressed as being the "tainted fruit of the poisonous tree."

## DECISION

The trial court erred in denying Piotrowski's motion to suppress evidence of a chemical breath test when the Minnesota police officer's stop of Piotrowski in North Dakota, following a traffic violation in Minnesota, was illegal. The exclusionary rule applies even though Wicklund had probable cause to believe Piotrowski was driving under the influence.

REVERSED.